UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>SHERRY G. ENGEL; ROBERTUS LEONARDUS CORNELIS ENGEL, Individually and as Special Administrator of the Estate of Frederik Nicholaas Eduard Antonius Engel; PETER RUBEN ENGEL; and RICK JONATHAN ENGEL,<br><br>Defendants. | Civil Action No.: 4:09-cv-682-TLW-TER<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This is an interpleader action. Because Defendant Sherry G. Engel is proceeding <u>pro se</u> in this action, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Presently before the Court is Plaintiff The Guardian Life Insurance Company of America's (Guardian) Motion for Interpleader and Dismissal with Prejudice (Document # 26). This Report and Recommendation is entered for review by the District Judge.

## II. FACTUAL ALLEGATIONS

This interpleader action arises out of multiple claims for benefits under a policy of insurance issued by Guardian to trustees of the Guardian Group Conversion and Portability Trust, (the "Trust") Policy Number G-310685 (the "Policy"). Complaint ¶ 7. On or about January 24, 2008, Frederik Nicolaas Eduard Antonius Engel ("Decedent") elected coverage in the subject Policy and was

enrolled for $186,000. On or about January 24, 2008, Decedent designated Defendant Sherry G. Engel, "Spouse," as his beneficiary under the subject Policy. Complaint ¶ 10, Ex. 1.

On April 21, 2008, Decedent died as a result of suspected homicide. Complaint ¶ 11. Guardian has been informed that on or about July 10, 2008, Defendant Sherry G. Engel was indicted as an Accessory After the Fact and Accessory Before the Fact of a Felony, both indictments relating to the murder of Decedent. Complaint ¶ 12, Exs.2 and 3.

On or after October 20, 2008, Defendants Peter Ruben Engel ("Son"), Rick Jonathan Engel ("Son") and Robertus Leonardus Cornelis Engel, in his capacity as Special Administrator of the Estate of Decedent, each submitted separate Group Life Claim Forms. Complaint ¶ 13, Ex. 4.

Guardian filed this lawsuit on March 17, 2009. On May 21, 2009, Defendants Robertus Leonardus Cornelis Engel, Individually and as Special Administrator of the Estate of Frederik Nicolaas Eduard Antonius Engel, Peter Ruben Engel and Rick Jonathan Engel filed an Answer and Cross-Claim. On June 1, 2009, the Clerk of Court entered the Answer to the Complaint and Answer to the Cross-Claim of Defendant Sherry G. Engel dated March 30, 2009, and May 23, 2009, respectively.

### III. DISCUSSION

Guardian asserts that, by reason of the indictments against Defendant Sherry G. Engel and the claims of Defendants Rick Jonathan Engel, Robertus Leonardus Cornelis Engel and Peter Rubin Engel, it is or may be exposed to multiple liability. If Defendant Sherry G. Engel was an accessory after the fact and/or accessory before the fact of a felony in the death of the Decedent then she may be disqualified to be the beneficiary of the Policy benefits under South Carolina statutory and/or common law. S.C. Code Ann. §62-2-803; see also Wilson v. Wilson, 319 S.C. 370, 461 S.E.2d

816,817 (1995). Guardian admits that it owes and is ready and willing to pay the Policy benefits in the amount of $186,000 plus applicable interest in accordance with the terms of the Policy in such amounts and to whichever Defendant(s) the Court shall designate. Complaint ¶ 14. Guardian seeks an Order permitting interpleader in this matter, allowing Guardian to deposit the subject Policy Benefits into the registry of the Court, discharging Guardian from any further liability for the Policy Benefits as a consequence of the death of the Decedent, issuing a permanent injunction retraining and enjoining Defendants from instituting any action or proceeding in any state or United States court against Guardian and/or the Trust for the recovery of the Policy Benefits payable as a consequence of the death of the Decedent, dismissing Guardian from this action with prejudice and allowing for reimbursement of attorney's fees and costs. Defendant Sherry Engel has not filed a Response in opposition to Guardian's Motion. The remaining Defendants do not oppose the relief requested by Guardian except its request for attorneys' fees and costs.[1] Thus, the undersigned finds that the relief requested by Guardian to which the remaining Defendants consent, is proper pursuant to 28 U.S.C. § 1335.[2] However, further analysis of Guardian's request for attorneys' fees and costs

---

[1]The remaining Defendants consent to Guardian depositing the subject Policy Benefits into the registry of the Court conditioned upon Guardian also depositing the interest that has accrued on the Policy Benefits since April 21, 2008. The undersigned entered an Order directing the parties to submit supplemental briefs on whether interest is appropriate in this case, and, if so, the appropriate amount of interest. All parties agree that payment of interest is appropriate in the amount of 8.75% per annum from the date of the decedent's death, April 21, 2008, until the date the proceeds are deposited with the Court pursuant to S.C. Code Ann. § 38-63-80 (providing for interest on lump sum payment of life insurance proceeds at the legal rate) and S.C. Code Ann. § 34-31-20(A) (setting the legal rate for prejudgment interest at eight and three-fourths percent per annum).

[2]According to 28 US.C. § 1335,

The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or

is necessary.

The remaining Defendants argue that Plaintiff is not entitled to attorneys' fees and costs because, in diversity cases such as this one, a federal court should follow that state practice with respect to the allowance of attorneys' fees. Metropolitan Life Ins. Co. v. Jordan, 221 F.Supp. 842 (W.D.N.C. 1963); see also Board of Education of Raleigh County, W. Va. v. Winding Gulf Collieries, 152 F.2d 382, 386 (4th Cir. 1945). These Defendants argue that, in South Carolina, attorneys fees and the costs and expenses of litigation are allowed to be taxed against the opposing party only by statute. See Black v. Roche Biomedical Laboratories, 315 S.C. 223, 433 S.E.2d 21, 24 (Ct. App. 1993); Belton v. State, 330 S.C. 422, 499 S.E.2d 225, 227 (Ct. App. 1998), affirmed 339 S.C. 71, 529 S.E.2d 4 (2000).

However, Defendants concede that courts have the authority to award within their discretion costs and attorneys' fee to a stakeholder in interpleader actions. See Lindsey v. Primerica Life Insurance Company, 2002 WL 1585908 (M.D.N.C.); James Talcott, Inc. v. Allahabad Bank, Ltd.,

---

society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $ 500 or more.

28 US.C. § 1335. An action in interpleader instituted pursuant to section 1335 requires only "a fund greater than $ 500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a disinterested stakeholder." Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund, 982 F.2d 783, 787 (2d. Cir. 1992). See also Selective Ins. Co. of Am. v. Norris, 209 F. Supp. 2d 580 (D.N.C. 2002); Aetna Life Ins. Co. v. Layton, 836 F. Supp. 355 (D.W.Va.1993). In accordance with this provision, Guardian has demonstrated that there are adverse claimants of diverse citizenship, i.e. four claimants from South Carolina and the Netherlands; the amount in controversy is greater than $500; Guardian has not and will not make any claim to the Policy Benefits; and Guardian will deposit the Policy Benefits payable as a consequence of the death of the Decedent with the Court upon such Order from the Court.

444 F.2d 451, 468 (5th Cir. 1971); BellSouth Telecommunications, Inc. v. DeKalb Concrete Prods., Inc., 1995 WL 578191 (D. S.C. July 28, 1995) (ordering the award of attorney's fees to the stakeholder in an interpleader action payable from the stake); Murphy v. Traveler's Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976) ("In fact, as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder."); John Alden Life Ins. Co. v. Doe, 658 F.Supp. 638, 642 (D.W.Y. 1987) (holding that a stakeholder in an interpleader action is entitled to reasonable fees and costs).

The Court's discretion whether to award attorneys' fees and costs is guided by equitable principles and "if there is substantial controversy between the interpleading party and others, or if the stakeholder desires further protection from the court in exonerating it from possible liability, an allowance may be denied." Ohio Nat'l Life Assurance Corp. v. Morris, 2006 WL 3479030, *5 (D.S.C. Nov. 30, 2006) (citing Wright and. Miller, Fed. Practice, Interpleader § 1719, pp. 677-679). In the present case, Guardian, the interpleading party, seeks more from this action than just a determination of who is eligible to receive which proceeds. Guardian also seeks and Order discharging it from any further liability for the Policy Benefits as a consequence of the death of the Decedent and a permanent injunction restraining and enjoining Defendants from instituting any action or proceeding in any state or United States court against it and/or the Trust for the recovery of the Policy Benefits payable as a consequence of the death of the Decedent. However, Plaintiff did not bring about the events which necessitated the filing of this action. Accordingly, the undersigned finds that a partial award of attorneys' fees and costs is appropriate.

Counsel for Plaintiff submitted an Affidavit (Document # 50) in which he avers he and his staff have spent approximately 44 hours on this case causing Plaintiff to incur fees totaling

$11,782.50. Quattlebaum Aff. ¶¶ 3,5. In addition, he avers that Plaintiff has incurred costs in the amount of $376.66. Id. ¶ 5. The affidavit submitted in support of the request for fees and costs does not include or attach an itemization of time expended to assist the court in determining a reasonable fee. However, considering the dual motive for filing this suit discussed above, the motion and affidavit of Plaintiff's counsel, and the file and docket sheet associated with this case, the undersigned finds $5,000 to be a reasonable award of attorneys' fees and costs in this matter.

## IV.   CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motion for Interpleader and to Dismiss (Document # 26) be granted. Specifically, it is recommended that an Order permitting interpleader be entered in this matter, allowing Guardian to deposit the subject Policy Benefits into the registry of the Court, including interest at the legal rate of 8.75%[3] that has accrued on the Policy Benefits since April 21, 2008, discharging Guardian from any further liability for the Policy Benefits as a consequence of the death of the Decedent, issuing a permanent injunction restraining and enjoining Defendants from instituting any action or proceeding in any state or United States court against Guardian and/or the Trust for the recovery of the Policy Benefits payable as a consequence of the death of the Decedent, dismissing Guardian from this action with prejudice and awarding attorneys' fees and costs in the amount of $ 5,000.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 22, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**

---

[3] A per diem amount of $44.59.