IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| vs. | ) Civil Action No.:4:09-cv-682-TLW-TER ) |
| SHERRY G. ENGEL; ROBERTUS LEONARDUS CORNELIS ENGEL, Individually and as Special Administrator of the Estate of Frederik Nicholaas Eduard Antonius Engel; PETER RUBEN ENGEL; and RICK JONATHAN ENGEL, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

# ORDER

Plaintiff, the Guardian Life Insurance Company of America ("plaintiff"), filed this civil interpleader action on March 17, 2009. (Doc. #1). On July 17, 2009, the plaintiff filed a motion for interpleader and dismissal with prejudice. (Doc. #26). Defendants Robertus Leonardus Cornelis Engel, Peter Ruben Engel, and Rick Jonathan Engel filed a response in opposition on August 4, 2009. (Doc. #29). On January 28, 2010, defendant Sherry G. Engel filed a supplemental brief regarding the payment of interest. (Doc. #36). The plaintiff filed a supplemental brief regarding the payment of interest on February 1, 2010. (Doc. #41). Defendants Robertus Leonardus Cornelis Engel, Peter Ruben Engel, and Rick Jonathan Engel filed a supplemental brief on February 1, 2010, as well as two later amendments. (Docs. #42, #44, #45). The plaintiff then filed a reply to the supplemental memoranda of defendants Robertus Leonardus Cornelis Engel, Peter Ruben Engel, and Rick Jonathan Engel on February 2, 2010. (Doc. #46). These defendants filed a sur reply on February 3, 2010. (Doc. #47). Finally, the plaintiffs filed an affidavit outlining the attorney's fees

and costs on February 19, 2010. (Doc. #50).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had previously been assigned. (Doc. #51). In the Report, the Magistrate Judge recommends that the District Court grant the plaintiff's Motion for Interpleader and to Dismiss, (Doc. #26), and that this Court enter an order permitting interpleader in this matter; allowing the plaintiff to deposit the subject Policy Benefits into the registry of the Court, including interest at the legal rate of 8.75%[1] that has accrued on the Policy Benefits since April 21, 2008; discharging the plaintiff from any further liability for the Policy Benefits as a consequence of the death of the Decedent; issuing a permanent injunction restraining and enjoining the defendants from instituting any action or proceeding in any state or United States court against the plaintiff and/or the Trust for the recovery of the Policy Benefits payable as a consequence of the death of the Decedent; dismissing the plaintiff from this action with prejudice; and awarding attorney's fees and costs in the amount of $ 5,000. (Doc. #51). The defendant Sherry G. Engel filed a reply to the Report, which this Court will treat as an objection, contending that counsel for the plaintiff should be entitled to a greater award of attorney's fees. (Doc. #53). Counsel for the plaintiff also filed a letter from defendant Sherry G. Engel in which she raises similar contentions. (Doc. #55). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

---

[1] A per diem amount of $44.59.

Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #51). Therefore, for the reasons articulated by the Magistrate Judge, the plaintiff Guardian Life Insurance Company of America's Motion for Interpleader and to Dismiss, (Doc. #26), is hereby **GRANTED**. It is hereby **ORDERED** that interpleader is permitted in this matter. The plaintiff Guardian Life Insurance Company of America is directed to deposit the subject Policy Benefits into the registry of the Court, including interest at the legal rate of 8.75%[2] that has accrued on the Policy Benefits since April 21, 2008. Upon deposit of the Policy Benefits including interest, the plaintiff Guardian Life Insurance Company is discharged from any further liability for the Policy Benefits as a consequence of the death of the Decedent Frederik Nicholaas Eduard Antonius Engel. In addition, upon receipt of the Policy Benefits including interest, the defendants are permanently enjoined and restrained from instituting any action or proceeding in any state or United States court against the plaintiff and/or the Trust for the recovery of the Policy Benefits payable as a consequence of the death of the Decedent Frederik Nicholaas Eduard Antonius Engel. Based on the Report of the Magistrate Judge, the plaintiff Guardian Life Insurance Company is hereby entitled to an award of $5,000 in attorney's fees and costs. Following receipt of the Policy Benefits plus interest, the

---

[2] A per diem amount of $44.59.

3

plaintiff Guardian Life Insurance Company will be dismissed from this action with prejudice.

**IT IS SO ORDERED**.

                                                                                    s/Terry L. Wooten
                                                                         United States District Judge

March 15, 2010
Florence, South Carolina