UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | )<br>)   Civil Action No.: 4:09-cv-0682-TLW-TER<br>) |
| Plaintiff, | )<br>) |
| -vs- | )<br>)   **REPORT AND RECOMMENDATION**<br>) |
| SHERRY G. ENGEL, ROBERTUS LEONARDUS CORNELIUS ENGEL, Individually and as Special Administrator of the Estate of Frederik Nicholaas Eduard Antonius Engel, PETER RUBEN ENGEL, and RIK JONATHAN ENGEL, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**I.     INTRODUCTION**

This is an interpleader action.  Presently before the Court is the Motion for Summary Judgment (Document # 66) filed by Defendants Robertus Leonardus Cornelius Engel, Individually and as Special Administrator of the Estate of Frederik Nicholaas Eduard Antonius Engel, Peter Ruben Engel, and Rik Johathan Engel (Cross-Claimants) regarding their cross-claim against Defendant Sherry Engel.  Because Defendant Sherry Engel is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted.  Sherry Engel has filed a Response (Document # 79) and Cross-Claimants filed a Supplemental Response (Document # 82).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.  Because the issues raised in Cross-Claimants' Motion are potentially dispositive, this Report and Recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

This action commenced as an interpleader action, in which Plaintiff The Guardian Life Insurance Company of America sought to pay proceeds of a life insurance policy into court and for the court to declare which Defendant is entitled to the proceeds. Cross-Claimants answered and cross-claimed, and asserted that Sherry Engel, the named beneficiary under the policy, is barred from recovery pursuant to the South Carolina Slayer Statute, S.C. Code Ann. 62-2-803(c). Sherry Engel answered, denying that she had anything to do with the death of Frederik Nicholaas Eduard Antonius Engel (Decedent) and objecting to the payment of proceeds to anyone other than herself.

Plaintiff filed a Motion for Interpleader and Dismissal with Prejudice (Document # 26), in which it sought an Order permitting interpleader in this matter, allowing Plaintiff to deposit the subject policy benefits into the registry of the Court, dismissing Plaintiff from this action with prejudice and allowing for reimbursement of attorney's fees and costs. A Report and Recommendation (Document # 51) was filed recommending that Plaintiff's Motion be granted and the district judge entered an Order (Document # 58) adopting the Report and Recommendation. As such, Plaintiff has been dismissed from this action. The only claim remaining in this action is Cross-Claimants' cross-claim against Sherry Engel.

## III. FACTS

Decedent died as a result of asphyxia and strangulation on April 21, 2008. Amended Certificate of Death (attached as Exhibit C to Defendant's Motion). At the time of his death, he maintained a life insurance policy with Plaintiff, G-310685 (the Policy). The beneficiary under the Policy is Sherry Engel, Decedent's wife. There is no secondary beneficiary under the Policy.

Timmy Rogers was indicted on the charge of murder of Decedent. Sherry Engel was indicted on the charges of accessory before and after the fact of murder. Sherry Engel testified at the trial of

Timmy Rogers:

> Q. Wasn't no doubt in your mind that Fred was dead?
> A. He was dead.
> Q. And you saw it for your own eyes bu [sic] seeing the blood and the glasses?
> A. I seen it.
> Q. And you now [sic] who did it?
> A. I know who did it.
> Q. And you knew that you had played a part in it?
> A. I knew I played a part in it, too.
> Q. Big part?
> A. Big part.
> Q. Matter of fact if you hadn't called or conspired with Timmy Rogers–
> A. Fred would be alive today.

Timmy Rogers Trial Transcript (attached as Exhibit D to Defendant's Motion). Thereafter, Sherry Engel pleaded guilty to accessory before the fact to a felony pursuant to South Carolina Code §§ 16-1-40 and 16-1-50 and was sentenced to 30 years in prison. Sentence Sheet (attached as Exhibit B to Defendant's Motion).

Prior to the commencement of this action, Cross-Claimant Robertus Engel, as Special Administrator of the Estate, commenced an action in the Probate Court for Horry County, South Carolina, In the Matter of: Frederik N. E. A. Engel, 2008-ES-26-0857, seeking a temporary restraining order enjoining Sherry Engel from, inter alia, acquiring any insurance proceeds from the Policy at issue here. See Special Administrator's Motion for an Expedited Temporary Restraining Order and Motion for Preliminary Injunction (attached as Exhibit A to Defendant's Supplemental Response). The temporary restraining order was resolved by agreement among the parties. See Consent Order Granting Robertus Cornelius Engel's Petition for Formal Testacy, Petition to Sell Personal Property and Resolving All Other Outstanding Motions (attached as Exhibit C to Defendant's Supplemental Response). A separate Petition for Declaratory Judgment and Injunctive Relief was filed by the Special Administrator of the Estate. Petition for Injunctive Relief and Declaratory Judgment (attached as Exhibit B to Defendant's Supplemental Response). Following

Sherry Engel's testimony in the trial of Timmy Rogers and her guilty plea, the Probate Court granted the Estate's Petition for Declaratory Judgment and Injunctive Relief on April 8, 2011. See Order Granting Petitioner's Motion for Summary Judgment (attached as Exhibit E to Defendant's Supplemental Response). The Probate Court found that Sherry Engel intentionally and feloniously caused the death of the Decedent and that Sherry Engel is barred from benefitting from any assets of the Decedent pursuant to the Slayer Statute, S.C. Code Ann. § 62-2-803. Id.

## IV.  STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); <u>see also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.     DISCUSSION

In their Motion for Summary Judgment, Cross-Claimants argue that, under the South Carolina Slayer Statute, Sherry Engel is barred from receiving the Policy benefits at issue here. In their Supplemental Response, Cross-Claimants additionally argue that Sherry Engel is collaterally estopped from denying that she feloniously caused the death of Decedent and from claiming that she is entitled to payment of the insurance proceeds as a result of the rulings made by the probate court. Sherry Engel asserts in her Response that she does not understand the Motion. She notes that she has filed an appeal in her criminal action.

The South Carolina Slayer Statute provides,

(a) A surviving spouse, heir, or devisee who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under this article, and the estate of decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.

(b) Any joint tenant who feloniously and intentionally kills another joint tenant thereby effects a severance of the interest of the decedent so that the share of the decedent passes as his property and the killer has no rights by survivorship. This provision applies to joint tenancies in real and personal property, joint and multiple-party accounts in banks, savings and loan associations, credit unions, and other institutions, and any other form of co-ownership with survivorship incidents.

(c) A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

(d) Any other acquisition of property or interest by the killer shall be treated in accordance with the principles of this section. A beneficiary whose interest is increased as a result of feloniously and intentionally killing shall be treated in accordance with the principles of this section.

(e) A final judgment of conviction of felonious and intentional killing is conclusive for purposes of this section. In the absence of a conviction of felonious and intentional killing the court may determine by a preponderance of evidence whether the killing was felonious and intentional for purposes of this section.

(f) This section does not affect the rights of any person who, before rights under this section have been adjudicated, purchases from the killer, for value and without notice, property which the killer would have acquired except for this section, but the killer is liable for the amount of the proceeds or the value of the property. Any insurance company, bank, or other obligor making payment according to the terms of its policy or obligation is not liable by reason of this section unless prior to payment it has received at its home office or principal address written notice of a claim under this section.

(g) For purposes of this section, the killer is considered to have predeceased the decedent if the killer dies within one hundred twenty hours after feloniously and intentionally killing the decedent.

S.C. Code Ann. § 62-2-803.

Collateral estoppel, or issue preclusion, "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir.1998). Sherry Engel, by and through her probate court counsel, appeared in the probate court action and litigated the issue as to whether the Slayer Statute barred her recovery of insurance proceeds. The probate court directly ruled on the issue of whether the Slayer Statute precluded Sherry Engel from any claim to insurance proceeds. The probate court found that "[p]ursuant to Sherry G. Engel's guilty plea and her testimony at the trial of Timmy J. Rogers, Sherry G. Engel intentionally and feloniously caused the death of the

Decedent." Order Granting Petitioner's Motion for Summary Judgment (citing Wilson v. Wilson, 319 S.C. 370, 371-72, 461 S.E.2d 816, 817 (1995); Pinion ex rel. Mantague v. Pinion, 363 S.C. 564, 567, 611 S.E.2d 271, 272 (Ct.App. 2005)). The probate court concluded, inter alia, that Sherry Engel "is not entitled to the benefit from any bond, life insurance policy, or other contractual arrangement in which she is named as a beneficiary." Id. The probate court ordered that "the interests, benefits, and/or proceeds set forth herein, and pursuant to the Slayer Statute, shall be payable and/or pass as though the [sic] Sherry Engel had predeceased the Decedent." Id. The issue of whether the Slayer Statute precluded Sherry Engel from any claim to insurance proceeds was actually determined and necessarily decided by the probate court. Accordingly, under the doctrine of collateral estoppel, Sherry Engel is barred from claiming that she is entitled to the insurance proceeds at issue here and, thus, no genuine issue of material fact exists. Therefore, summary judgment is appropriate on Cross-Claimants' cross-claim against Sherry Engel, and the proceeds from the Policy at issue here plus the accrued interest as paid into this Court's registry should be paid to the Estate of Frederik Nicolaas Eduard Antonious Engel.

## IV.  CONCLUSION

For the reasons discussed above, it is recommended that Cross-Claimants' Motion for Summary Judgment (Document # 66) be granted and the proceeds from the Policy at issue here plus the accrued interest as paid into this Court's registry be paid to the Estate of Frederik Nicolaas Eduard Antonious Engel. Furthermore, it is recommended that this action be dismissed in its entirety.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 18, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**